UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF  
STEPHANIE A. GALLAGHER  
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-7780  
Fax (410) 962-1812

April 15, 2013

LETTER TO COUNSEL:

    RE:    *Meriel Matthews v. Commissioner, Social Security Administration*;  
             Civil No. SAG-11-1731

Dear Counsel:

    On June 24, 2011, the Plaintiff, Meriel Matthews, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

    Ms. Matthews filed her claim on July 31, 2008, alleging a disability onset date of March 01, 2007. (Tr. 148-61). Her claim was denied initially on January 6, 2009, and on reconsideration on September 8, 2009. (Tr. 90-94, 101-04). Following a hearing on April 30, 2010, (Tr. 41-85), an Administrative Law Judge ("ALJ") determined that Ms. Matthews was not disabled during the relevant time frame. (Tr. 7-19). The Appeals Council denied Ms. Matthews's request for review, (Tr. 2-6), so the ALJ decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Matthews suffered from the severe impairments of cervical and lumbar degenerative disc disease. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Matthews's retained the residual functional capacity ("RFC") to:

> perform a significant range of light work as that term is defined in 20 CFR 404.1567(b) and 416.967(b).

(Tr. 15). In analyzing Ms. Matthews's functional capacity and credibility, the ALJ concluded that she found Ms. Matthews had the capacity to:

*Meriel Matthews v. Commissioner, Social Security Administration*
Civil No. SAG-11-1731
April 15, 2013
Page 2

> [L]ift up to 10 pounds frequently and up to 20 pounds on occasion. She can sit up to 6 hours and she can stand/walk for about 6 hours during the course of an ordinary 8-hour workday. The claimant has no push/pull, reaching, grasping, or handling limitations, but *she should not perform tasks requiring fine repetitive dexterity with her dominant right hand*. The claimant is limited to the occasional performance of postural activities, and she should never climb to or work at heights. Due to her intermittent pain and fatigue, the claimant is further limited to simple, routine, unskilled light work.

(Tr. 18) (emphasis added). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Matthews could perform her past relevant work as a cafeteria line worker, and, thus, that she was not disabled. (Tr. 18-19).

Ms. Matthews raises one issue on appeal: that the hypothetical the ALJ posed to the VE did not accurately reflect Ms. Matthews's RFC.

Ms. Matthews argues the ALJ erred by posing a hypothetical to the VE that was less restrictive than her RFC. The ALJ's RFC determination, which is typically contained in a bolded heading in the opinion, is somewhat unclear in this case. In the bolded heading, the ALJ found Ms. Matthews had functional capacity to perform "a significant range of light work as that term is defined in 20 CFR 404.1567(b) and 416.967(b)" (Tr. 15). Later in the opinion, however, the ALJ provided what appears to be a more precise RFC, explaining in detail the physical limitations Ms. Matthews had in her functional abilities and including a restriction to "simple, routine, unskilled light work" to account for pain and fatigue. (Tr. 18). At the hearing the ALJ asked the VE if a hypothetical individual able to perform at a "light level of exertion" would be capable of doing Ms. Matthews's past relevant work as a cafeteria line worker. (Tr. 82) The ALJ also inquired if there existed "simple unskilled work" the same individual could perform in the national and regional economy. *Id*. The VE responded to both hypotheticals positively and did not ask for clarification, (Tr. 82-83), indicating that she understood the meanings of a "light level of exertion" and "simple unskilled work." Moreover, the VE identified positions involving "light work[,]" demonstrating that she grasped what the ALJ meant with the phrase "light level of exertion."

However, I find cause for remand in the ALJ's exclusion from the hypothetical of her finding that Ms. Matthews was unable to perform "fine repetitive dexterity with her dominant right hand." (Tr. 18). The ALJ appropriately considered the description of Ms. Matthews's prior job duties. (Tr. 16-18). The ALJ further noted that Ms. Matthews is able to button clothes; manipulate car doors and door knobs; and to utilize a pen, comb, and toothbrush "with only minor 'cramping.'" (Tr. 17-18). Despite these findings, the ALJ included a restriction, in the more detailed RFC, that Ms. Matthews "should not perform tasks requiring fine repetitive dexterity with her dominant right hand." (Tr. 18). The ALJ did not include this restriction in the hypotheticals posed to the VE. (Tr. 82). Therefore, I cannot tell if the VE considered Ms. Matthews's limited ability to perform fine dexterity tasks when indicating that she could perform her past relevant work as a cafeteria line worker. The Commissioner contends that the cafeteria attendant position (DOT 311.677-010) is similar to Ms. Matthews's past work, and only requires

*Meriel Matthews v. Commissioner, Social Security Administration*
Civil No. SAG-11-1731
April 15, 2013
Page 3

occasional fingering. Def. Mot. 14. However, there is no evidence to establish that Ms. Matthews could perform occasional fingering tasks, if those tasks required "fine repetitive dexterity" with her right hand. Absent VE testimony that a person with such limited use of their fingers could perform the essential job tasks of a cafeteria line worker or attendant, I cannot find that substantial evidence supported the ALJ's determination that Ms. Matthews is capable of her past relevant work. In so concluding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Matthews is not entitled to benefits was correct or incorrect.

For the reasons set forth herein, Ms. Matthews's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 17) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge